■ In the Matter of the Claim of MARY DODSON, Respondent, v. FRANK VANECEK & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which affirmed an award of death benefits. The decedent, Lloyd Dodson, was employed as a mason's helper on June 15, 1961, and was working with a concrete mixer in the construction of a patio. He was shoveling sand from a pile on the ground into the concrete mixer which was approximately four feet above ground level. The mixed concrete was then taken from the mixer and poured into forms which decedent had helped build the day before. After working all morning and just before lunch, the decedent complained of indigestion and when his condition worsened he was taken to the hospital. He died two days later from a ruptured dissecting aneurysm of the thoracic aorta with secondary hemorrhage. A majority of the board panel found that decedent performed strenuous work on June 15, 1961, which effort resulted in death and constituted an accidental injury arising out of and in the course of employment. Appellants contend that there was no accidental injury and death was due solely to existing disease. The decedent had been hospitalized in 1956 at which time he was treated for a dissecting aortic aneurysm, not ruptured, and he recovered. Appellants urge that decedent's prior medical history and the fact that he was doing his regular work on the day of the accident preclude recovery in the instant case. The record also contains the usual conflict of medical opinion. We believe that there is substantial evidence to support the board's determination. Dr. Shapiro testified for the claimant that the work activity of decedent on June 15, 1961, was a competent producing cause of a new dissecting aneurysm and the rupture of said aneurysm. There is no dispute that decedent was a laborer whose work entailed great physical exertion and even Dr. McCormack, one of the attending physicians, was of the opinion that decedent's work was strenuous physical labor and produced more wear and tear than the ordinary wear and tear of life. Another

attending physician, Dr. Shick, obtained a history from the decedent that as he " was shoveling sand, he had a ' knot ' in chest that exploded ". The doctor also stated that in the instant case it was probably his shoveling sand that caused his aneurysm to dissect and that the prior, healed dissection made the second dissection more likely. The performance of one's usual work can still be greater exertion than the ordinary wear and tear of life and whether the work involved is such is a question of fact for the board (*Matter of Pickhardt* v. *Heist Ohio Corp.*, 20 A D 2d 737, mot. for lv. to app. den. 14 N Y 2d 484; *Matter of Sczesniak* v. *Whitney*, 12 A D 2d 366; see, also, *Matter of Miller* v. *Schaefer Brewing Co.*, 16 A D 2d 718). A prior underlying physical condition does not preclude an award where there is substantial evidence that the work activities impinged on said condition (*Matter of Colone* v. *Tavern on the Green*, 21 A D 2d 930, mot. for lv. to app. den. 14 N Y 2d 487; *Matter of Evans* v. *Allegheny Ludlum Steel Corp.*, 22 A D 2d 838; *Matter of Burke* v. *Chef's Hat Rest.*, 16 A D 2d 712; *Matter of Miller* v. *Schaefer Brewing Co.*, *supra*). In the instant case there was an actual rupture of an aneurysm which was causally related to the employment and this is an accidental injury (*Matter of Sawatzki* v. *Friedman*, 4 A D 2d 907, mot. for lv. to app. den. 3 N Y 2d 710; *Matter of Kayser* v. *Erie County Highway Dept.*, 276 App. Div. 789; *Matter of Reed* v. *Brookhiser*, 8 A D 2d 895). Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.